IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JAMES L. MCCRACKEN                                                                         PLAINTIFF

   v.                                          CIVIL NO. 13-3114

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                            DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, James McCracken, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. §405(g).

**I. Procedural Background**

Plaintiff protectively filed his application for DIB on July 8, 2009, alleging an inability to work since June 12, 2008, due to attention deficit disorder, bipolar disorder, and manic depressive disorder. (Tr. 29, 179). For DIB purposes, Plaintiff retained insured status through December 31, 2014. (Tr. 169, 514).

Plaintiff's claims were denied initially and on reconsideration. (Tr. 67-71). An administrative hearing was held on March 17, 2011, at which Plaintiff appeared with counsel and testified. (Tr. 26-66). On April 7, 2011, the administrative law judge ("ALJ") entered an unfavorable decision. (Tr. 6-25). Plaintiff then requested a review by the Appeals Council of the decision on April 18, 2011, which denied that request on October 19, 2011. (Tr. 1-5).

Plaintiff subsequently appealed the decision to this Court. On July 23, 2012, the Commissioner filed a motion requesting the case be remanded in order to remove erroneous medical records and allow the ALJ to evaluate the medical evidence based on a corrected administrative record. On August 8, 2012, Magistrate Judge James Marschewski entered a decision remanding the case. *McCracken v. Astrue*, No. 11-cv-3132, 2012 WL 6642745 (W.D. Ark. Aug 8, 2012).

A new administrative hearing was held on May 8, 2013, at which Plaintiff again appeared with counsel and testified. (Tr. 531-563). By a written decision dated September 19, 2013, the ALJ determined Plaintiff had the following severe impairments: "disorder of the shoulder, obesity and mood disorder." (Tr. 514). After reviewing all of the evidence presented, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 515-516). The ALJ found Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally climb, balance, crawl, kneel, stoop, and crouch. He cannot work overhead with his dominant arm. He can perform simple, routine, and repetitive tasks in a setting in which interpersonal contact is incidental to the work performed; however, he should not have contact with the general public. He can respond to supervision that is simple, direct, and concrete.

(T. 515).

With the help of a vocational expert ("VE"), the ALJ determined Plaintiff could not perform his past relevant work ("PRW"), but retained the capacity to perform the requirements of representative occupations such as machine tender, assembler, and inspector. (Tr. 523-524, 718-721). The ALJ then found Plaintiff had not been under a disability during the relevant time period. (Tr. 524).

AO72A
(Rev. 8/82)

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 7). Both parties have filed appeals briefs, and the case is ready for decision. (Docs. 10, 11).

**II. Applicable Law.**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217

AO72A
(Rev. 8/82)

(8th Cir. 2001); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require the application of a five-step sequential evaluation process to each claim for disability benefits. *See* 20 C.F.R. § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920 (2003).

### III. Discussion

Plaintiff's only argument on appeal is the ALJ's RFC determination was in error because the ALJ (1) did not find Plaintiff's pain disabling and (2) chose to "ignore the assessments of his own consultative examiners who have essentially told him this man is disabled." (Doc. 10 at 15-19).

#### A. Credibility Determination

The ALJ was required to consider all of the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not

4

discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. *Id*. It is well established that "credibility is primarily a matter for the ALJ to decide." *Edwards*, 314 F.3d at 966. The ALJ is entitled to make a factual determination that a claimant's subjective complaints are not credible when contrary objective medical evidence exists. *Ramirez*, 292 F.3d at 581.

The ALJ addressed the *Polaski* factors in the written decision, but discounted Plaintiff's allegations of disabling pain. Among the many reasons in the record that weighed against Plaintiff's credibility, the ALJ identified the following inconsistencies: (1) Plaintiff's father reported Plaintiff lived an active and social life and was capable of performing chores like mowing the yard; (2) Plaintiff did not seek treatment for many of his conditions; (3) Plaintiff failed to take his medications consistently; and (4) Plaintiff was considered an unreliable informant by a consulting physician. (Tr. 518-520, 522). These were valid reasons for discounting Plaintiff's claims and were consistent with the record. *See e.g., Wildman v. Astrue*, 596 F.3d 959, 968-69 (8th Cir. 2010) (stating ALJ appropriately considered claimant's non-compliance with prescribed treatment in determining credibility); *see also Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007) (deferring to the ALJ's credibility determination where the objective medical evidence did not support claims of physical impairments**).**

While it appears Plaintiff has some medical problems, Plaintiff's central argument is his failure to hold a steady job is proof he is not capable of working.[1] (Doc. 10 at 16). A poor work

---

[1] Plaintiff argument is summarized as, "this man's working history which demonstrates that his jobs are, almost without exception, of a duration that not exceeding a few

history, however does not indicate Plaintiff is disabled and tends to weigh against his credibility. "A lack of work history may indicate a lack of motivation to work rather than a lack of ability." *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001); *see also Woolf v. Shalala*, 3 F.3d 1210, 1214 (8th Cir. 1993) (stating a claimant's credibility is lessened by a poor work history).

The Court also notes Plaintiff received unemployment benefits through 2009 and into 2010, even though he alleged an onset date of June 12, 2008. (Tr. 52-53, 434). Accepting unemployment benefits is an assertion of the ability to work and inconsistent with a claim of disability. *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998). Plaintiff also reported he was working in construction in 2009. (Tr. 461). Following the ALJ's first decision, Plaintiff went to work at Micro Plastics and then moved to North Dakota to work at a gas plant. (Tr. 554-557, 699). An intention or ability to return to work tends to indicate a person's pain is not so great as to be disabling. *See Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)(stating a plaintiff who expresses a specific plan to work suggests his pain is not disabling).

Finally, it is significant that between the end of 2010 and the ALJ's decision in September 2013, Plaintiff did not establish consistent medical treatment with any physician or mental health provider. Failure to seek treatment for an allegedly disabling impairment is inconsistent with a claim of disability. *See Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). Plaintiff's failure to seek any consistent medical treatment during the relevant time period coupled with his sporadic work attempts indicates Plaintiff's conditions are not as serious as alleged.

---

months only serves to confirm the assessments of Drs. Hudson and Bunting." (Doc. 10 at 16).

6

Based on the foregoing, the Court finds the ALJ's credibility determination was based on substantial evidence.

**B. RFC**

RFC is the most a person can do despite that person's limitations and is assessed using all relevant evidence in the record. 20 C.F.R. § 404.1545(a)(1). This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). A claimant's RFC is a medical question, therefore, an ALJ's RFC determination must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). The ALJ is required to set forth with specifics a claimant's limitations and to determine how those limitations affect a claimant's RFC. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003).

Records from the Mountain Home Christian Clinic show Plaintiff was prescribed Cymbalta and Xanax in July 2009. (Tr. 406). On March 17, 2010, Plaintiff visited Health Resources of Arkansas to establish mental health treatment. (Tr.454-459). On the diagnostic form, Plaintiff indicated his depression and anxiety had responded to his newly prescribed medications. (Tr. 456). Plaintiff never followed through with treatment after his initial visit. (Tr. 460).

Plaintiff was next examined by Dr. Robert Hudson, a State psychiatrist, on October 12, 2009. (Tr. 429-432). Dr. Hudson opined Plaintiff was limited by his purported homelessness and the absence of a supportive social circle. (Tr. 431). Dr. Hudson also opined Plaintiff had no

7

significant limits on his ability to communicate; no significant mental or cognitive limits on basic work-like tasks; and no significant problems persistence or completion, but some problems with the ability to attend and sustain concentration on basic tasks. (Tr. 431).

On October 29, 2009, Dr. Jay Rankin, a State non-examining physician, completed a mental RFC Assessment. (Tr. 436-452). Dr. Rankin remarked on the absence of complaints by Plaintiff to his physicians at the Mountain Home clinic and Dr. Hudson's opinion that Plaintiff had no severe limitations. (Tr. 438). Dr. Rankin opined Plaintiff is "able to perform work where interpersonal contact is incidental to the work performed, e.g., assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete (unskilled)." (Tr. 438-439). Dr. Winston Brown affirmed Dr. Rankin's opinion on May 26, 2010. (Tr. 470).

Dr. Nancy Bunting, a State psychiatrist, examined Plaintiff on May 19, 2010. (Tr. 460-465). According to Dr. Bunting, Plaintiff was superficially cooperative, but became defensive when questioned about his employment and substance abuse history. (Tr. 461-462). Dr. Bunting compared Plaintiff's responses to the information in his medical history and identified more than a dozen inconsistencies. (Tr. 464). Based on her concerns about Plaintiff's veracity, she opined he was a "guarded and unreliable informant." (Tr. 465).

On June 6, 2010, Dr. Bill Payne, a State consulting physician, submitted a physical RFC Assessment and opined Plaintiff's RFC was light. (Tr. 475-481).

On January 30, 2013, Plaintiff reported to the ER with a jaw fracture after he fell out of his truck and cracked his chin on the pavement. (Tr. 559, 733, 805). Plaintiff reported his

8

previous bone injuries, PTSD, and anxiety as resolved during his intake. (Tr. 734). He was treated and released with a prescription for penicillin and Vicodin. (Tr. 731).

On July 24, 2013, Plaintiff was examined by Dr. Shannon Brownfield, a State consulting physician. (Tr. 813-817). Dr. Brownfield reported Plaintiff's only current medication was ibuprofen 500mg- twice daily and opined Plaintiff had a limited ability to lift/stoop/carry/ kneel or climb stairs, based on moderate to severe pain in Plaintiff's right upper extremity and knee. (Tr. 813, 817).

The ALJ discussed in detail the weight he assigned to all the evidence in the record. He gave great weight to the opinions of Dr. Hudson, Dr. Rankin, and Dr. Payne, and gave some weight to the opinions of Dr. Bunting and Dr. Brownfield. (Tr. 520-522). Contrary to Plaintiff's assertion, the opinions of Dr. Brownfield and Dr. Hudson were fully addressed by the ALJ and reflected in the RFC assessment. The ALJ's RFC determination included restrictions to accommodate Plaintiff's difficulty with social interactions, concentration problems, and his diminished exertional capacity from knee and shoulder problems.

As the ALJ noted, Plaintiff's activities, conservative pain management, lack treatment, and the record as a whole did not support the majority of Plaintiff's complaints. *See e.g., Gates v. Astrue*, 627 F.3d 1080, 1083 (8th Cir. 2010). Additionally, when Plaintiff took his medications, they appeared to control his mental conditions. (Tr. 456, 495-496). Conditions controlled by treatment or medications are not disabling. *See Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012).

Based on the foregoing, the Court finds the ALJ's RFC assessment is supported by substantial evidence.

9

**IV. Conclusion:**.

  Having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

  DATED this 13th day of March, 2015.

            /s/ *Mark Ford*
            HON. MARK FORD
            UNITED STATES MAGISTRATE JUDGE